RECEIVED
JUN 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-60067 |
| VERSUS | JUDGE DOHERTY |
| JAMIE EDELKIND | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

The defendant has filed a third Motion to Dismiss [Doc. 59] in this matter. He seeks dismissal upon two bases: (a) "the indictment is fatally flawed and the statute is unconstitutionally vague and in conflict with the United States Constitution" in which he complains about various aspects of the indictment and the sufficiency of the allegations contained therein; and (b) an alleged Speedy Trial Act violation. The motion is opposed by the Government.

The first basis identified by Mr. Edelkind – the allegedly "fatally flawed" or "unconstitutionally vague" indictment – has been asserted on his behalf twice before and, twice before, this Court has overruled his objections. The third motion to dismiss provides additional argument in support of a position that has already been rejected by this Court; it is, in effect, a request for reconsideration of a prior ruling. As this Court continues to believe that its original ruling is correct, no such reconsideration will be granted as to the vast majority of this extended argument. The only exception to this denial concerns the role of the "continuing offense" doctrine in determining whether the indictment extends to a time outside of the limitations period.

Mr. Edelkind has brought to this Court's notice the decision of the United States Supreme Court in United States v. Irvine, 98 U.S. 450 (1878). In that case, the defendant was charged with having failed to transfer to his client a pension payment he had received on her behalf five (5) years

earlier. Id. at 450. He sought dismissal on the basis that the statute of limitations created a bar to the prosecution of the criminal act alleged. Id. at 451. The Court rejected the Government's argument that the statute of limitations had never been triggered because the failure to pay constituted a continuous crime. Specifically, the Court found that, with regard to the withholding of money, "[w]henever the act or series of acts necessary to constitute a criminal withholding of the money have transpired, the crime is complete, and from that day the Statute of Limitations begins to run against the prosecution." Id. at 452. As such, the Court concluded that, while the funds were continuously withheld for over five (5) years, the failure to make a payment did not constitute a continuous crime. Id. at 452-53.

The Court's reasoning in Irvine seems to accept the proposition that the statute of limitations does not begin running while a continuous crime is under way. The Court held, however, that the criminal withholding of funds does not constitute such a continuous crime. This Court's independent research has not revealed any repudiation of this holding by the United States Supreme Court, nor any recognition that Irvine has been overruled. Thus, it appears that Irvine remains a viable precedent and, thus, that it calls for a distinction between the crime of withholding payment (which is not continuous in nature) and other types of crimes (which are). Earlier, this Court ruled that the indictment is not "fatally flawed," in Mr. Edelkind's words, because it alleges a continuing violation. This conclusion was based upon an extrapolation from the many cases holding that crimes such as conspiracy, possession of a firearm, and similar acts do constitute continuing offenses. Irvine calls into question the propriety of that extrapolation and that ruling. In light of Irvine, this Court will re-visit the interaction between the Indictment in this case and the statute of limitations.

The indictment was issued on October 12, 2005, accusing Mr. Edelkind of a violation of 18

U.S.C. § 228. The parties agree that, as no specifically applicable limitations period has been enacted by Congress, the general statute of limitations applies to this crime. "[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282. Pursuant to the statute of limitations, then, it appears on its face, that Mr. Edelkind cannot be prosecuted for any criminal act which falls outside of the limitations period. As the indictment was issued on October 12, 2005, the applicable limitations period, it would seem, began on October 12, 2000.

The indictment accuses Mr. Edelkind, "from on or about December 1, 1998, and continuing to the date of this Indictment" of willfully failing to pay a child support obligation. Because the date included in the indictment is earlier than October 12, 2000, the face of the indictment raises a limitations question. When the review is extended to encompass both the indictment *and* the statute, however, those questions quickly are answered.

The statute makes it a crime for someone who is subject to a child support obligation, with respect to a child who resides in another state, to fail to pay that obligation *for a period longer than 2 years*. The indictment alleges that a child support obligation existed and that, since December 1, 1998, the obligation has not been paid by Mr. Edelkind. Under the terms of the statute, Mr. Edelkind's alleged failure to make child support payments could not have constituted a violation of § 228 until the obligation had remained unpaid for two years. Thus, under the facts as alleged in the indictment, there could not have been any criminal violation of § 228(a)(3) until after December 1, 2000, a date which clearly falls within the applicable limitations period. Thus, while it is true that the grand jury did link the alleged criminal violation by Mr. Edelkind to a date outside of the

limitations period (*i.e.*, the date from which he allegedly began willfully failing to make child support payments), it is also clearly true that the criminal violation alleged in the indictment did not (and could not have) begun on that date. The statute clearly declares that the criminal act of which Mr. Edelkind stands accused could not have begun until either (a) the arrearage reached the value of more than $10,000 or, alternatively, (b) until any unpaid amount remained unpaid for more than two years. While this Court does not have enough information to reach the question of whether the former theory is valid under the statute of limitations, the information contained within the indictment clearly supports the conclusion that the latter theory would be consistent with the statute because the allegedly criminal act would not have occurred until *after* December 1, 2000.

For the foregoing reasons, this Court finds that either (a) the criminal violation of which Mr. Edelkind stands accused is a continuing act and, therefore, the limitations period never commenced; or (b) the criminal violation of which Mr. Edelkind stands accused in the indictment did not commence until after December 1, 2000, which is inside of the limitations period. Under either theory, the indictment seeks to impose penalties upon Mr. Edelkind for alleged criminal violations which fall within the limitations period contained in 18 U.S.C. § 3282. This Court's prior ruling denying Mr. Edelkind's motion to dismiss on the argument concerning the statute of limitations will stand.

The second issue identified by Mr. Edelkind concerns the Speedy Trial Act. The Act requires that a criminal trial be held within 70 days of a defendant's entry of a plea of "not guilty" at his arraignment. 18 U.S.C. § 3161(c)(1). In calculating this 70-day period, "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted

such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" shall be excluded from the 70-day computation. 18 U.S.C. § 3161(h)(8)(A).

Mr. Edelkind was arraigned on November 16, 2005. His trial was scheduled to commence on January 9, 2006, within the 70-day period following the arraignment. At the pre-trial conference on December 19, 2005, this Court considered a motion to continue which had been filed by the United States. While Mr. Edelkind was adamant about protecting his trial date – and was willing to force the appointment of new counsel, if necessary, due to his counsel's scheduling conflict – this Court found that a delay would be required to serve the ends of justice. The trial was continued to April 4, 2006. Mr. Edelkind now challenges this court's "ends of justice" analysis and seeks dismissal on the grounds that more than 70 days have elapsed since his arraignment and, therefore, that the Speedy Trial Act has been violated.

This Court granted the continuance on the grounds that (I) counsel for the Government had been unable to complete her investigation due, in part, to delays resulting from Hurricane Rita, and (ii) counsel for the defendant (whether then-current counsel or any newly-appointed counsel) could not possibly, even with the exercise of due diligence, review the voluminous discovery that had been produced by the Government, draft and file the motions that Mr. Edelkind was demanding, *and* prepare for trial, all during the two-and-one-half weeks remaining before the trial was scheduled to commence. Mr. Edelkind now argues that the Government had not used due diligence in providing him with discovery, that it did not require additional time to complete its investigation, and moreover, accuses the Government of having made misrepresentations to the Court about the nature of this case.

Even were Mr. Edelkind correct in his description of the government's actions on and prior to December 19, 2005, which this Court does not find to be the case, it nonetheless remains clear that Mr. Edelkind's counsel *was* in need of such a delay in order to prepare for the trial of this matter. In fact, further developments have demonstrated that the three-month delay granted on December 19, 2005, was not long enough and Mr. Edelkind, through new counsel, himself, was required to move for another continuance (from April 4 to the current trial date of June 12, 2006), in order to permit a thorough investigation, the filing of several motions demanded by Mr. Edelkind, and an airing of the issues. Thus, even accepting, for purposes of this motion, Mr. Edelkind's representations concerning the Government's actions and representations of December 19, 2005 – and this Court makes no suggestion that they are accurate, but merely accepts them for purposes of considering Mr. Edelkind's argument – he has not demonstrated that this Court's "ends of justice" conclusion was erroneous.

For the foregoing reasons, this Court finds that the defendant has not demonstrated that the delay between January 9, 2006, and April 4, 2006, should be included in the Speedy Trial Act calculation. Therefore, Mr. Edelkind has not demonstrated that the Speedy Trial Act has been violated in this case. The motion to dismiss on the basis of this argument will be denied.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 13 day of June, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE