RECEIVED

JUL 2 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-60067 |
| VERSUS | JUDGE DOHERTY |
| JAMIE EDELKIND | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

The defendant has filed a Motion for Judgment of Acquittal or, alternatively, Motion for New Trial [Doc. 80] in this matter, identifying five bases for the relief he seeks. The motion is opposed by the United States. For the following reason, both motions will be denied in their entirety.

The first argument asserted by Mr. Edelkind is that the indictment is duplicitous. This argument was not presented to this Court prior to trial and, therefore, Mr. Edelkind's claim has been waived and will not be ruled upon by this Court. United States v. Creech, 408 F.3d 264, 270 (5th Cir. 2005). In an abundance of caution, however, should the Fifth Circuit find that the issue was properly reserved by Mr. Edelkind, the Court will address Mr. Edelkind's argument.

Title 18, Section 228(a)(3) establishes two theories of criminal liability: if a person willfully fails to pay a support obligation with respect to a child who lives in another state, *and* if the obligation either (i) has remained unpaid for a period longer than 2 years, or (ii) is greater than $10,000, then the obligor he is exposed to the risk of certain specified punishments. In the Indictment issued against Mr. Edelkind, the grand jury accused him of willfully failing to pay a support obligation with regard to his son, who lived in another state and, further, accused him of both allowing that obligation to remain unpaid for longer than two years *and* of allowing the total unpaid obligation to rise to greater than $10,000. The indictment alleges only one count of failure to pay

child support, and the jury rendered only one verdict as to that *one* count. Mr. Edelkind nonetheless argues that the indictment is duplicitous.

"A duplicitous indictment is one that alleges 'two or more distinct and separate offenses' in a single count. Accordingly, in determining whether an indictment is duplicitous, the inquiry is 'whether the indictment can be read to charge only one violation in each count.'" United States v. Caldwell, 302 F.3d 399, 407 (5th Cir. 2002). It has been well-established in the Fifth Circuit that an indictment which contains two theories of liability in one count is *not* duplicitous.

> [E]ven if each mail fraud count did allege multiple schemes, it does not follow, as Caldwell argues, that the counts would be duplicitous. . . .
>
> In United States v. Harvard, 103 F.3d 412 (5th Cir. 1997), we rejected essentially the same duplicity argument as Caldwell's in reviewing a bank fraud count alleging that the defendant had devised a scheme "to defraud" and "to obtain monies by false representation." We reasoned that these two allegations were "alternative ways in which the offense could be committed," not allegations of multiple violations of § 1344 . . . "A single offense should normally be charged in one count rather than several, even if different means of committing the offense are alleged."
>
> Accordingly, where a mail fraud count alleges only *one* instance of use of the mail in furtherance of multiple schemes (or a single scheme with multiple objects), the jury can find the defendant guilty of only *one* mail fraud offense on that count – regardless whether the jury finds that the defendant devised one or all of the alleged schemes associated with that particular use of the mail. Each mail fraud count in Caldwell's indictment contains only one allegation of use of the mail. Thus, none of the counts is duplicitous.

Caldwell, 302 F.3d at 408 (citations omitted). As the Fifth Circuit concluded in Caldwell, an indictment is not made duplicitous merely because one count in the indictment identifies two different theories as to how the defendant violated the statute. The grand jury charged Mr. Edelkind with only one violation of the Child Support Recovery Act, and he was convicted of only one violation of that statute. For these reasons, the argument would be OVERRULED if this Court were considering it at this point in time.

In his second argument, Mr. Edelkind once again reiterates his position that the Speedy Trial Act was violated before trial commenced. For all the reasons more fully set forth by this Court in its prior ruling on this issue, the argument is OVERRULED.

In his third argument, Mr. Edelkind reiterates his position that the indictment violated the applicable statute of limitations, an issue which was argued extensively by counsel, and discussed by this Court in great detail in ruling on Mr. Edelkind's first motion for acquittal, after the Government rested its case-in-chief. In briefing submitted in support of his current motion, Mr. Edelkind has not raised any new issue or argument to support his position. For all the reasons more fully set forth by this Court in its prior ruling on this issue, the argument will be OVERRULED.

In his fourth argument, Mr. Edelkind reiterates an argument he has made previously concerning the grand jury's decision to indict him. The statutory provision under which Mr. Edelkind was indicted is 18 U.S.C. § 228. Paragraph (b) of that statute establishes a "rebuttable presumption that the obligor has the ability to pay the support obligation for that time period." This Court ruled that § 228(b) is unconstitutional and prohibited the United States from relying on that presumption in making its case against Mr. Edelkind. The argument Mr. Edelkind now presents in support of the pending motions is that the grand jury was biased in its proceedings due to the presumed fact that it received instruction from the Assistant United States Attorney that it could rely upon the unconstitutional statutory presumption contained in 18 U.S.C. § 228(b).

Mr. Edelkind's argument is not persuasive for two reasons. First, this Court finds the fairness and propriety of the verdict were not affected, for the following reasons. The provision, perhaps, establishes an evidentiary shortcut for the Government at trial. However, the Government was prohibited, by order of this Court, from benefitting from the statutory shortcut. The jury was

instructed by this Court that, in order to find Mr. Edelkind guilty, it was required to find that he had an ability to pay the child support obligation. The jury returned a verdict of guilty. Thus, the Government produced sufficient evidence to demonstrate, to the jury's satisfaction, that Mr. Edelkind had the ability to pay the child support obligation. As a result, even granting Mr. Edelkind the benefit of the doubt and assuming that the grand jury did not have enough evidence before it to support a true bill, there is no question that the assumed insufficiency of the evidence before the grand jury was corrected at trial when the Government *did* present sufficient evidence as to his ability to pay.

The second hurdle to Mr. Edelkind's challenge to the grand jury's decision to return a true bill against him is an institutional one. It is well-settled that a defendant's ability to challenge a grand jury's deliberations are, due to the nature of the grand jury process, extremely narrow. "[The grand jury] is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." United States v. Calandra, 414 U.S. 338, 343, 94 S.Ct. 613, 617 (1974). If the grand jury has been appointed in a constitutionally-sufficient manner, and it issues an indictment which is facially valid, then the defendant is relegated to defending himself against the charges contained therein. "Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination." Id, 414 U.S. at 345, 94 S.Ct. at 618. Thus, Mr. Edelkind is prevented, by longstanding and forceful jurisprudence, from challenging the sufficiency of the evidence before the

grand jury to support the true bill that it returned. In the absence of any challenge to the makeup of the grand jury, Mr. Edelkind (like any other defendant) was relegated, once the indictment was issued, to defending himself on the legal sufficiency and factual merits of the charge against him as it was reflected in the indictment.

For these reasons, the "grand jury bias" argument will be OVERRULED.

Finally, Mr. Edelkind argues that there is insufficient evidence to support the jury's verdict against him. For the reasons more fully set forth on the record of this Court's ruling in response to Mr. Edelkind's earlier motions for acquittal on this ground, this argument will be OVERRULED.

The motions presented by the defendant are based upon two separate provisions of the Federal Rules of Criminal Procedure. First, Rule 29 permits a defendant to move for a judgment of acquittal on the basis that the evidence presented to the jury is insufficient to sustain a conviction. This Court has closely reviewed the arguments made on behalf of Mr. Edelkind in these motions and finds that they do not identify any new basis upon which the sufficiency of the evidence against him may be challenged. For the reasons more fully set forth on the record when this Court ruled on Mr. Edelkind's previous Rule 29 motions for acquittal, the motion for judgment of acquittal will be denied.

Second, Rule 33 of the Federal Rules of Criminal Procedure establishes a court's authority to grant a defendant a new trial. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33. The decision whether or not to grant a motion for new trial is within the discretion of the Court. As movant, the burden of persuasion as to the interest of justice rests upon Mr. Edelkind. Once again, this Court has closely reviewed the briefing submitted on behalf of Mr. Edelkind and finds no basis for concluding

that the interests of justice require a new trial in this matter. For the reasons more fully set forth hereinabove and in this Court's prior rulings, the motion for new trial will be denied.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of July, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE